MITCHELL JAROD FORD          ]
    Plaintiff,          ]
                     ]
v.                          ]          No. 1:10-0062
                     ]          Judge Trauger
SABRINA PATTERSON, et al.    ]
    Defendants.          ]

# M E M O R A N D U M

      The plaintiff, proceeding *pro se*, is an inmate at the Marshall County Jail in Lewisburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Sabrina Patterson, Administrator of the Jail; and Les Helton, Sheriff of Marshall County; seeking damages.

      The plaintiff complains about conditions of his confinement. More specifically, he bemoans the fact that there is no mail delivery at the Jail on Saturdays. In addition, the plaintiff alleges that he has been verbally harassed, denied access to his medical records, and denied access to a law library.

      This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Marshall County, the municipal entity that operates the Jail. *See*

<u>Kentucky v. Graham</u>, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Marshall County or its agent, the Marshall County Sheriff's Department. <u>Monell v. New York City Department of Social Services</u>, 98 S.Ct. 2018 (1978). In short, for Marshall County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy, custom or regulation promulgated by Marshall County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge